Judge Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMMY J. DETRAY and GREGORY S. DETRAY, | ) ) ) |
| Plaintiffs, | ) NO. 2:17-CV-00983 ) ) PLAINTIFFS' MOTION FOR PARTIAL ) SUMMARY JUDGMENT |
| v. | ) |
| AIG INSURANCE COMPANY OF CANADA, f/k/a CHARTIS INSURANCE COMPANY OF CANADA d/b/a CHARTIS INSURANCE; and NORTHBRIDGE COMMERCIAL INSURANCE CORPORATION; and WASHINGTON STATE DEPARTMENT OF TRANSPORTATION; and MULLEN TRUCKING 2005 LTD, | ) NOTE ON MOTION CALENDAR: ) November 3, 2017 ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## I. INTRODUCTION

The purpose of this motion is to establish Defendant Northbridge Insurance Company's duty to defend Tammy DeTray from claims being asserted against her by the State of Washington, Mullen Trucking, and four other parties in suits filed in Skagit County (the Underlying Suits). Northbridge has refused to meet its obligations under the Policy and failed to provide a legal defense under its Commercial General Liability Policy (the Policy).

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 1
Case No. 2:17-CV-00983

AARON DEAN & ASSOCIATES, PLLC
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206) 420-1083

In its refusal to defend the DeTrays, Northbridge concludes that the DeTrays are not named insureds under the Policy and that the Policy does not cover agents. The Underlying Suits specifically allege that Ms. DeTray was an employee of Mullen Trucking, and the Policy clearly provides coverage for Mullen Trucking and its employees. While Northbridge has been providing a defense to William Scott, who is also alleged to be the employee of Mullen in the Underlying Suits, Northbridge has ignored the DeTrays and their requests for a defense.

The law in Washington establishes a duty to defend where the underlying complaint, construed liberally, includes potentially covered claims. Because the facts alleged in the Underlying Suits include allegations that Ms. DeTray was an employee of Mullen, which if proven renders liability under the Policy, the DeTrays respectfully request that the Court enter a declaratory judgment that Northbridge was (and is) obligated to defend them in the Underlying Suits.

## II.   STATEMENT OF FACTS

**A.   Mullen employed Ms. DeTray to serve as an escort during Mullen's movement of an oversized load.**

On May 23, 2013, Tammy DeTray was hired by William Scott on behalf of Mullen Trucking to pilot an oversized load from Sumas, Washington, to Vancouver, Washington. Declaration of Tammy DeTray; Declaration of Aaron Dean, Exhibit A (testimony of Gia Anderson). During the transportation of that load by the Mullen team, the load struck the overhead braces of the Skagit River Bridge and the bridge collapsed. Dean Dec., Ex. B (General Statement of the Case). The State of Washington and Qwest sued the DeTrays claiming property damage. DeTray Dec., Ex. A (WSDOT Complaint), Ex. B (Qwest Complaint). Daniel Sligh, Sallettee Sligh, and Bryce Kenning filed suit claiming personal injuries, DeTray Dec., Ex. C. Those entities all sued Mullen, Scott, and DeTray. *Id.* at Exhibits A-C.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 2
Case No. 2:17-CV-00983

AARON DEAN & ASSOCIATES, PLLC
520 PIKE STREET, SUITE 1205
SEATTLE, WA  98101
(206) 420-1083

**B.     The original Complaint filed by the State of Washington alleged Ms. DeTray was the employee of Mullen.**

The State of Washington sued Mullen Trucking, William Scott, Saxon Energy Services, and Tammy and Gregory DeTray on February 2, 2015, in Skagit County Superior Court. DeTray Dec., Ex. A.  The Complaint alleged that Tammy DeTray was hired by Mullen:

> Mullen Trucking and Scott hired Defendant Tammy Detray (DeTray) to provide pilot escort services for this oversized load on their trip south from Canada.

*Id.* at Ex. A, p. 2, ln. 3-5.  Specifically, the complaint alleged that both William Scott and Tammy DeTray were employees of Mullen Trucking and that Mullen was responsible for the actions of Ms. DeTray and Mr. Scott:

> At all times material hereto, Defendants William D. Scott and Tammy J. DeTray were employees and/or agents of Mullen Trucking LP.  Mullen Trucking is liable for the acts and/or omissions of its employees and agents described in this Complaint.

*Id.* at p. 3 ln. 24-26.  Northbridge's designated defense counsel defended Mullen Trucking and William Scott.  The DeTrays did not receive a defense.  DeTray Dec.

Each of the other Underlying Suit pleadings similarly allege Ms. DeTray was hired by and working for Mullen when the accident occurred.  DeTray Dec., Exs. A-C.  Northbridge did not offer a defense in any of those suits.  DeTray Dec.

**C.     Northbridge did not hire counsel for Ms. DeTray even though she had the same status as William Scott.**

The primary claims handler for Northbridge is (and was) Ryan Cobb, who not only managed the defense, but also handled the coverage decisions.  Dean Dec., Ex. C (Affidavit of Ryan Cobb).  Upon learning of the suit, Mr. Cobb, by his own admission, instructed counsel to defend Mullen Trucking and William Scott:

> Northbridge appointed a lawyer to defend Mullen Trucking L.P., Mullen Trucking (2005) Ltd. and Mr. Scott in the Underlying

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 3
Case No. 2:17-CV-00983

AARON DEAN & ASSOCIATES, PLLC
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206) 420-1083

>     Actions, and has defended them consistently throughout the course
>     of the litigation.

*Id.* at p. 4, ¶15. Mr. Cobb did not provide the DeTrays a defense under the Policy; and he did not offer any explanation as to why he was treating Ms. DeTray and Mr. Scott differently under the Policy.

**D.      Northbridge refused to acknowledge Ms. DeTray's request for a defense.**

Northbridge admits that on May 27, 2016, Ms. DeTray sent a letter to Northbridge providing a copy of the Underlying Complaints. Dean Dec., Ex. C (Affidavit of Ryan Cobb, p. 4, ¶17, and Exhibit G). She asked that Northbridge provide her with both indemnity and defense under the Policy. *Id.* Neither Northbridge nor Mr. Cobb acknowledged or otherwise responded to that correspondence. *Id.*

Ten months later, on March 28, 2017, the DeTrays sent another letter to Northbridge and again enclosed the original tender letter dated May 27, 2016, as well as a court order holding that Ms. DeTray was the agent of Mullen Trucking as a matter of law. Dean Dec., Ex. D (March 28, 2017, request for a defense and indemnity). She again requested that Northbridge provide indemnity and a defense under the Policy. *Id.*

On April 5, 2017, Northbridge sent a letter rejecting the request for a defense and indemnification explaining that the Policy did not cover agents and that Ms. DeTray was not insured under "the CGL, SPF No. 1, or SPF No. 6." Dean Dec., Ex. E. Northbridge did not provide a copy of either the Policy or excerpted Policy language upon which it was relying. *Id.* Then, six days later, on April 11, 2017, Northbridge filed an action against Tammy DeTray in Calgary, Alberta. Dean Dec., Ex. F.

Tammy DeTray has never been to Alberta, Canada. DeTray Dec.

**E.      Northbridge's Policy owes both indemnity and defense to the DeTrays.**

Northbridge issued Policy no. 2002135 with a Policy period of March 31, 2013, to March 31, 2014, with a liability limit of $10,000,000 CDN. Affidavit of Ryan Cobb, Ex. B (Certified

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 4
Case No. 2:17-CV-00983

AARON DEAN & ASSOCIATES, PLLC
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206) 420-1083

copy of the Policy with numbering in upper right-hand corner).  The relevant Policy language states:

> We will pay those sums that the Insured becomes legally obligated to pay as "compensatory damages" because of "bodily injury" or "property damage" which occurs during the Policy period.  The "bodily injury" or "property damage" must be caused by an "occurrence."  The "occurrence" must take place in the "coverage territory." …

Affidavit of Ryan Cobb, Ex. B (p. 133).

The Policy explains that employees acting within the scope of their employment are in fact, insureds:

> **SECTION II – WHO IS AN INSURED**
>
> * * *
>
> 2. Each of the following is also an insured:
>
>    a. Your "volunteer workers" only while performing duties related to the conduct of your business, ***or your "employees"***, other than your executive officers . . . but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

*Id.* (p. 142).  The Policy definition of an employee is expansive:

> **SECTION V – DEFINITIONS**
>
> * * *
>
> 8. "Employee" includes a "leased worker" or a "temporary worker."  The term "employee" is not otherwise limited to the policy definitions.

*Id.* (p. 148).

There is a form endorsement SPF No. 6 which is titled, "**SPF NO. 6 STANDARD NON-OWNED AUTOMOBILE POLICY.**" *Id.* (p. 161).  Item 3 of that form describes the benefit it provides:

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 5
Case No. 2:17-CV-00983

AARON DEAN & ASSOCIATES, PLLC
520 PIKE STREET, SUITE 1205
SEATTLE, WA  98101
(206) 420-1083

> THE AUTOMOBILES IN RESPECT OF WHICH INSURANCE IS TO BE PROVIDED ARE THOSE NOT OWNED IN WHOLE OR IN PART BY, NOR LICENSED IN THE NAME OF THE APPLICANT, USED IN THE APPLICANT'S BUSINESS OF: COMMON CARRIER.

*Id.*

Under the "ADDITIONAL AGREEMENT OF INSURER" contained within SPF No. 6 terms, Northbridge agreed "to defend in the name and behalf of any person insured by this policy and at the cost of the Insurer any civil action which may at any time be brought against such person on account of such loss or damage to person or property." *Id.* (p. 162).

The Policy also clarifies who is an additional insured under the SPF No. 6:

> 1. ADDITIONAL INSUREDS
>
> ***The insurer agrees to indemnify in the same manner and to the same extent as if the named herein as the Insured***, every partner, officer or employee of the Insured who, with the consent of the owner thereof, personally drive(s) in the business of the Insured Stated in item 3 of the application, any automobile not owned in whole or in part by or licensed in the name of (i) the Insured, (ii) such additional Insured person, or (iii) any person or person residing in the same dwelling premises as the insured or such additional insured person or (b) ***any automobile hired or leased in the name of the Insured except an automobile owned in whole or in part or licensed in the name of such additional Insured person***.
>
> 2. TERRITORY
>
> This policy applies to the use or operation of automobiles within Canada or ***the United States of America*** or upon a vessel plying between port of those countries.
>
> 3. HIRED AUTOMOBILE DEFINED
>
> The term 'Hired Automobile' as used in this policy means automobiles ***hired or leased from others with or without drivers***, used under the control of the Insured in the

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 6
Case No. 2:17-CV-00983

AARON DEAN & ASSOCIATES, PLLC
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206) 420-1083

> business stated in item 3 of the application but shall not include any automobile owned in whole or in part by or licensed in the name of the Insured or any partner, officer, or employee of the Insured.
>
> ***

*Id.* at p. 162 (bold and italics emphasis added).

## III.  EVIDENCE RELIED UPON

This motion is supported by the following:

1. The Declaration of Tammy DeTray, along with its attached exhibits;

2. The Declaration of Aaron Dean, along with its attached exbibits; and

3. The pleadings on file with the Court.

## IV.  LEGAL ANALYSIS

**A.  Summary Judgment is appropriate on Northbridge's duty to defend.**

The Federal Rules of Civil Procedure instruct that summary judgment is appropriate where the record does not contain a material issue of fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). In making that decision, the Court must determine that the evidence is "so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

As a federal court sitting in diversity, the Court applies state substantive law and federal procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–79, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *See also Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996); *State Farm Fire & Casualty Co. v. Smith*, 907 F.2d 900, 902 (9th Cir.1990).

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 7
Case No. 2:17-CV-00983

AARON DEAN & ASSOCIATES, PLLC
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206) 420-1083

In Washington, the interpretation of an insurance contract is a matter of law. *State Farm General Ins. Co. v. Emerson*, 102 Wn.2d 477, 480, 687 P.2d 1139 (1984). The court interprets the policy as the average person purchasing the insurance would interpret it. *Id*. Any doubts, ambiguities, and uncertainties arising out of the language used in the policy must be resolved in the policyholders' favor. *Id*., at 69. "It must not be forgotten that the purpose of insurance is to insure, and that construction should be taken which will render the contract operative, rather than inoperative." *Id*.

Because the interpretation of an insurance contract is a matter of law, the issue of Northbridge's duty to defend is properly before the Court in this Motion for Partial Summary Judgment. And, when this Court interprets all ambiguities and uncertainties in favor of Plaintiffs, Northbridge must defend the DeTrays against the Underlying Suits.

**B.     Northbridge's duty to defend arose when the Underlying Suits were filed.**

A defense is one of the main benefits of the insurance contract. *Truck Ins. Exch v. Vanport Homes Inc.*, 147 Wn.2d 751, 760, 58 P.3d 276 (2002). The duty to defend is broader than the duty to indemnify. *Allstate Ins. Co. v. Bowen*, 121 Wn. App. 879, 881, 91 P.3d 897 (2004). The duty to defend "arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage." *Truck Ins. Exch*, 147 Wn.2d at 760 (*quoting Unigard Ins. Co. v. Legen*, 97 Wn.App. 417 425, 983 P.2d 1155 (1999)). And, that duty arises when an action is first brought, and is based on the potential for liability. *Bowen,* 121 Wn. App. 881. If the complaint is ambiguous, it will be liberally construed in favor of triggering the insurer's duty to defend. *Truck Ins. Exch*, 147 Wn.2d at 760. It is only when the alleged claim is clearly not covered that the insurer can be relieved of its duty to defend. *Bowen*, 121 Wn. App. At 881.

The policy at issue is a comprehensive general liability policy (CGL). CGL policies are those in which claims are covered unless expressly excluded. *Queen City Farms v. Cent. Nat'l Ins. Co.,* 126 Wn.2d 50, 59, 882 P.2d 703 (1994); *see Commonwealth Insurance Co. of America*

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 8
Case No. 2:17-CV-00983

AARON DEAN & ASSOCIATES, PLLC
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206) 420-1083

*v. Grays Harbor County*, 120 Wn.App. 232, 239, 84 P.3d 304 (2004) (all-risk policies are broadly construed in favor of coverage); *McDonald v. State Farm Fire and Cas. Co.*, 119 Wn.2d 724, 731, 837 P.2d 1000 (1992).  To avoid coverage, Northbridge has the burden of showing that the allegations in the Complaints are specifically excluded from coverage by language within the Policy.  *McDonald*, 119 Wn.2d at 731.  Such exclusions are strictly construed against the insurer.  *Phil Schroeder, Inc. v. Royal Globe Ins. Co.*, 99 Wn.2d 65, 68, 659 P.2d 509 (1983).

The grant of coverage by Northbridge is broad:

> We will pay those sums that the Insured becomes legally obligated to pay as "compensatory damages" because of "bodily injury" or "property damage" which occurs during the policy period.  The "bodily injury" or "property damage" must be caused by an "occurrence."  The "occurrence" must take place in the "coverage territory." …

The Policy explains that employees acting within the scope of their employment are, in fact, insureds:

> **SECTION II – WHO IS AN INSURED**
>
> * * *
>
> 2. Each of the following is also an insured:
>
>    a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than your executive officers . . . but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

The Policy definition of an employee is expansive:

> **SECTION V – DEFINITIONS**
>
> * * *
>
> 8. "Employee" includes a "leased worker" or a "temporary worker."

The term "employee" is not otherwise limited by the Policy definitions.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 9
Case No. 2:17-CV-00983

AARON DEAN & ASSOCIATES, PLLC
520 PIKE STREET, SUITE 1205
SEATTLE, WA  98101
(206) 420-1083

The State's Complaint against Tammy DeTray specifically alleged:

> Mullen Trucking and Scott hired Defendant Tammy Detray (Detray) to provide pilot escort services for this oversized load on their trip south from Canada

And that:

> At all times material hereto, Defendants William D. Scott and Tammy J. Detray were employees and/or agents of Mullen Trucking LP.  Mullen Trucking is liable for the acts and/or omissions of its employees and agents described in this Complaint.

The Underlying Suits alleged Tammy DeTray was an employee of Mullen.  Based on the Policy language and allegations in the Complaint, Northbridge had an obvious duty to defend the DeTrays, just as it defended William Scott based on the identical allegations against him.  But rather than accept that duty to the DeTrays, Northbridge ignored them.  Northbridge did not provide a defense to Ms. DeTray when it received the Complaint in 2015.  Northbridge did not respond to Ms. DeTray's request for a defense in May of 2016.  It was not until Ms. DeTray provided a Court Order finding that Ms. DeTray was the agent of Mullen Trucking as a matter of law, that Northbridge rejected Ms. DeTray's request for a defense almost a year after she originally requested one and two years after the Underlying Suits were initiated:

> The Policy does not insure Ms. DeTray.  She is not listed in policy declaration pages or endorsements as an insured, unnamed or otherwise.  She does not qualify as an additional insured under the CGL SPF No. 1, or SPF No. 6.
>
> By Court order, Ms. Detray was found to be Mullen Trucking's agent during the transportation of Mullen Trucking's oversized load.  This does not qualify her for coverage under the policy.  The Policy does not include "agent" as additional or unnamed insureds.  None of the coverages under the Policy apply to use or operation of Ms. DeTray's pilot car.

The explanation is contrary to the stated plain language of the policy.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 10
Case No. 2:17-CV-00983

AARON DEAN & ASSOCIATES, PLLC
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206) 420-1083

Form endorsement for SPF No. 6 which is titled, "**SPF NO. 6 STANDARD NON-OWNED AUTOMOBILE POLICY.**" Item 3 of that form describes the benefit it provides:

> THE AUTOMOBILES IN RESPECT OF WHICH INSURANCE IS TO BE PROVIDED ARE THOSE NOT OWNED IN WHOLE OR IN PART BY, NOR LICENSED IN THE NAME OF THE APPLICANT, USED IN THE APPLICANT'S BUSINESS OF: COMMON CARRIER.

(Item 3). Under the "ADDITIONAL AGREEMENT OF INSURER" contained within SPF No. 6 terms, Northbridge agreed "to defend in the name and behalf of any person insured by this policy and at the cost of the Insurer any civil action which may at any time be brought against such person on account of such loss or damage to person or property."

The Policy also clarifies who is an additional insured under the SPF No. 6:

> 1. ADDITIONAL INSUREDS
>
> *The insurer agrees to indemnify in the same manner and to the same extent as if the named herein as the Insured*, every partner, officer or employee of the Insured who, with the consent of the owner thereof, personally drive(s) in the business of the Insured Stated in item 3 of the application, any automobile not owned in whole or in part by or licensed in the name of (i) the Insured, (ii) such additional Insured person, or (iii) any person or person residing in the same dwelling premises as the insured or such additional insured person or (b) *any automobile hired or leased in the name of the Insured except an automobile owned in whole or in part or licensed in the name of such additional Insured person*.
>
> 2. TERRITORY
>
> *This policy applies to the use or operation of automobiles within* Canada or *the United States of America* or upon a vessel plying between port of those countries.
>
> 3. HIRED AUTOMOBILE DEFINED
>
> The term 'Hired Automobile' as used in this policy means automobiles *hired or leased from others with or without*

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 11
Case No. 2:17-CV-00983

AARON DEAN & ASSOCIATES, PLLC
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206) 420-1083

> *drivers*, used under the control of the Insured in the business stated in item 3 of the application but shall not include any automobile owned in whole or in part by or licensed in the name of the Insured or any partner, officer, or employee of the Insured.

\*\*\*

The Complaint alleges that William Scott and Tammy DeTray are employees of Mullen Trucking. ***The policy covers employees.*** The Complaint alleges that Tammy DeTray was hired by Mullen Trucking to operate as a pilot car for Mullen Trucking. ***The policy covers "hired automobiles."*** The Complaint alleges that the purpose of the trip was for Mullen to move cargo from Canada through the United States. ***The Policy specifically identifies the United States as a coverage territory***. The allegations in the Complaint clearly fall within the Policy's terms and Northbridge owed and owes the DeTrays a defense.

The Court must construe policies as contracts, giving them a fair and reasonable interpretation. *Zhaoyun Xia v. Probuilders Specialty Ins. Co, RRG,* 188 Wn.2d 171, 178, 393 P.3d 748 (2017). *Id.* at 753-4. Northbridge owed a defense once the allegations conceivably gave rise to coverage:

> Upon receipt of the complaint against its insured, the insurer is permitted to utilize the "eight corners" rule to determine whether, on the face of the complaint and the insurance policy, there is an issue of fact or law that could conceivably result in coverage under the policy.

188 Wn.2d at 182. Given the reluctance of Northbridge to meet that duty, it is requested that this court enter an order requiring Northbridge to comply with that duty.

**C.   Northbridge is inappropriately and selectively considering matters outside the Complaint to justify the failure to respond to and defend the DeTrays.**

Whether there is a potential for coverage of the underlying claims is generally determined by looking only at the insurance policy and the underlying Complaint. *See Bowen*, 121 Wn. App. at 883-85. However, where coverage is not evident from the face of the Complaint but

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 12
Case No. 2:17-CV-00983

AARON DEAN & ASSOCIATES, PLLC
520 PIKE STREET, SUITE 1205
SEATTLE, WA  98101
(206) 420-1083

coverage may exist, the insurer must investigate the claim and give the insured the benefit of the doubt in determining whether the insurer has an obligation to defend. *Truck Ins. Exch*, 147 Wn.2d at 761. Similarly, facts outside the Complaint may be considered only if the allegations are ambiguous or inadequate or if they are in conflict with facts known to or readily ascertainable by the insurer. *Id.* But an insurer cannot "rely on facts extrinsic to the complaint in order *deny* its duty to defend." *Truck Ins. Exch*, 147 Wn.2d at 761 (emphasis on original). "Once the duty to defend attaches, insurers may not desert policyholders and allow them to incur substantial legal costs while waiting for an indemnity determination." *Truck Ins. Exch*, 147 Wn.2d at 761 (*citing Kirk v. Mt. Airy Ins. Co.*, 134 Wn.2d 558, 563, 951 P.2d 1124 (1998)).

More than two years after receiving the first Complaint, Northbridge filed an action in Calgary, Alberta. In support of that action, Ryan Cobb filed an Affidavit. Dean Dec. Ex. C. As part of that Affidavit, Mr. Cobb relied upon the deposition testimony of Ms. DeTray as evidence she was not in the employ of Mullen Trucking at the time of the loss. Dean Dec., Ex. C. (pp. 259-267). Such reliance on extrinsic evidence when coverage is clear from the Complaint's allegations is bad faith. *Truck Ins. Exch.,* 134 Wn.2d 761.

It is additionally true that a carrier may not put its interests ahead of its insured's interests. *Truck Insurance Exchange,* 147 Wn.2d at 761. Here, Mr. Cobb has relied upon the testimony of Tammy DeTray in his consideration as to whether a defense is owed. *See* Dean Dec., Ex. C (pp. 259-276). However, he did not reference the actual testimony perpetuated for trial by Gia Anderson, an employee of Mullen Transportation:

> Q. Before we get into each of those categories, will you please confirm you are an employee of Mullen Trucking?
>
> A. Yes.
>
> Q. What does Mullen Trucking do?
>
> A. We move loads for customers.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 13
Case No. 2:17-CV-00983

AARON DEAN & ASSOCIATES, PLLC
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206) 420-1083

| | | |
|---|---|---|
| Q. | | Tell us a little bit more about what you mean by 'move loads for customers.' Give us some examples. |
| A. | | We move legal-sized loads, we move oversized loads for Caterpillar, Finning, different customers, and – all over U.S. and Canada. |
| Q. | | And, I'm sorry. Earlier you said loads that you move all over the United States and Canada? |
| A. | | Yeah. |

Dean Dec, Ex. A (Testimony of Gia Anderson, p. 7, ln. 8-23)

| | | |
|---|---|---|
| Q. | | You understand that Mullen employed Tammy Detray for the purpose of assisting in the transport of Mr. Scott's load on the day of the accident? |
| A. | | Billy Scott employed her, yes. |
| Q. | | Yes. And you understand that Mullen hired Ms. Detray to assist moving that in Washington – to move that load through Washington; correct? |
| A. | | That Billy Scott hired her, yes. |
| Q. | | And it's your position that Ms. Detray became part of the Mullen team for the purposes of safely transporting the load through Washington; correct? |
| A. | | Yes. |

*Id.* at p. 120, ln. 10-25.

| | | |
|---|---|---|
| Q. | | And so in her role as being instructed by Mr. Scott as part of the Mullen team for the purposes of moving the load, you would expect that she would have followed instructions as she moved the load through Washington; correct? |
| A. | | Yes. |

*Id* at p. 121, ln. 19 through p. 122, ln. 1.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 14
Case No. 2:17-CV-00983

AARON DEAN & ASSOCIATES, PLLC
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206) 420-1083

.

Northbridge, throughout its handling of this matter, has continuously ignored communication and selectively considered fact and allegation, as well as Policy language, to avoid its duty to defend.  Northbridge received the original Complaint in February of 2015.  Northbridge selectively considered the Complaint that alleged that Tammy DeTray and William Scott were employees of Mullen.  Northbridge, without explanation, provided a defense to one of those two individuals.

Ms. DeTray then formally tendered the defense to Northbridge in April of 2016.  But once again, Northbridge did nothing.  It did not acknowledge the tender of defense; it did not provide a defense; it did not explain why it was not providing a defense.  Northbridge remained silent.

When Ms. DeTray tendered the action a second time (and two years post suit), Northbridge rejected the defense without providing the Policy, without citing the Policy language, and without analysis as to why the Underlying Complaints' allegations did not give rise to the duty to defend under the Policy.

The actions by Northbridge are akin to the actions by Truck Insurance Exchange in *Truck Insurance Exchange v. Vanport Homes*.  In that case, the insured tendered the defense of several claims to the insurer.  The insurer failed to respond for a year.  And even when the insurer did respond, it only quoted policy language but failed to provide any analysis as to why there was no coverage.  *Id.* at 757.  And, ultimately, the insurer waited years, leaving the insured in the lurch, from the time of the initial tender to the time it filed a declarative action.  In finding that Truck Insurance Exchange's conduct amounted to bad faith, the court noted:

> If the insurer is unsure of its obligation to defend in a given instance, it may defend under a reservation of rights while seeking a declaratory judgment that it has no duty to defend.  *Grange Ins. Co. v. Brosseau, 113 Wn.2d 91, 93-94, 776 P.2d 123 (1989)*. A reservation of rights is a means by which the insurer avoids breaching its duty to defend while seeking to avoid waiver and estoppel. "When that course of action is taken, the insured receives the defense promised and, if coverage is found not to exist, the insurer will not be obligated to pay."

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 15
Case No. 2:17-CV-00983

AARON DEAN & ASSOCIATES, PLLC
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206) 420-1083

Northbridge owed a duty to defend Tammy DeTray once it received the initial Underlying Suit in February of 2015. Any reasonable reading of that Complaint showed that Ms. DeTray was alleged to be an employee of Mullen at the time of the loss. The failure to respond to the tender of defense sent in May of 2016, followed by the subsequent rejection of the defense without any real explanation in April of 2017, is virtually identical to the facts in *Truck Insurance Exchange*. For Northbridge to then file suit in April 2017 in Calgary, Alberta (a jurisdiction to which Ms. DeTray has never traveled), renders Northbridge's actions indistinguishable from the conduct of the insurer in *Truck Insurance Exchange v. Vanport Homes*. Accordingly, it is requested that this Court enter an order that Northbridge owed and owes a duty of defense to the DeTrays.

## V. CONCLUSION

Upon receiving the original Underlying Complaint that alleged Tammy DeTray was an employee of Mullen Trucking, Northbridge had a duty to defend Ms. DeTray. It did not do so. Likewise, Northbridge failed to even acknowledge Ms. DeTray when she sought a defense in May of 2016. And, when she reiterated her request for a defense in April of 2017, more than two years after suit had been filed, Northbridge rejected it without any real explanation and sued her in a foreign country. Northbridge's conduct under the circumstance is not only surprising, it violates the law in Washington. It is requested that this court clarify that for Northbridge and order it to provide a defense.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 16
Case No. 2:17-CV-00983

AARON DEAN & ASSOCIATES, PLLC
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206) 420-1083

DATED this 12th day of October, 2017.

        AARON DEAN & ASSOCIATES, PLLC


By */s/ Aaron Dean*
Aaron Dean, WSBA #26447
520 Pike Street, Suite 1205
Seattle, WA  98101
Phone: (206) 420-1083
Email: aaron@adeanandassoc.com
Attorneys for Plaintiffs


DEARIE LAW GROUP, P.S.


By */s/ Raymond J. Dearie*
Raymond J. Dearie, WSBA #28792
2025 First Avenue, Suite 1200
Seattle, WA  98121
Phone: (206) 239-9920
Email: rdearie@dearielawgroup.com
Attorneys for Plaintiffs

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 17
Case No. 2:17-CV-00983

AARON DEAN & ASSOCIATES, PLLC
520 PIKE STREET, SUITE 1205
SEATTLE, WA  98101
(206) 420-1083

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Aaron Dean, WSBA #26447
Aaron Dean & Associates, PLLC
520 Pike Street, Suite 1205
Seattle, WA 98101
Phone: (206) 420-1083
Email: aaron@adeanandassoc.com
Attorneys for Plaintiffs

Ray Dearie, WSBA #28792
Dearie Law Group PS
2025 1st Ave., Suite 1200
Seattle, WA 98121
Phone: (206) 239-9920
Email: rdearie@dearielawgroup.com
Attorneys for Plaintiffs

Joseph D. Hampton, WSBA #15297
Kathryn N. Boling, WSBA #39776
Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle, WA 98101
Phone: (206) 292-9988
Emails: jhampton@bpmlaw.com
kboling@bpmlaw.com
Attorneys for Defendant Northbridge
Commercial Insurance Company

Steve Puz, WSBA #17407
Patricia D. Todd, WSBA #38074
Assistant Attorney General
Attorney General of Washington
7141 Cleanwater Drive SW
P.O. Box 40126
Olympia, WA 98504-0126
Phone: (360) 586-6300
Emails: Steve.puz@atg.wa.gov
Patriciat2@atg.wa.gov
Attorneys for Washington State
Department of Transportation

Gabriel Baker, WSBA #28473
Steven D. Jensen, WSBA #26495
Jensen Morse Baker PLLC
216 First Avenue South, Suite 204
Seattle, WA 98104
Phone: (206) 682-1550
Emails: gabe.baker@jmblawyers.com
Steve.jensen@jmblawyers.com
Attorneys for Defendant AIG Insurance
Co. of Canada

AARON DEAN & ASSOCIATES, PLLC

By: /s/*Trinda Hartman*
    Trinda Hartman
    thartman@adeanandassoc.com

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 18
Case No. 2:17-CV-00983

AARON DEAN & ASSOCIATES, PLLC
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206) 420-1083