The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMMY J. DETRAY and GREGORY S. DETRAY,<br><br>Plaintiffs,<br><br>v.<br><br>AIG INSURANCE COMPANY OF CANADA f/k/a CHARTIS INSURANCE COMPANY OF CANADA d/b/a CHARTIS INSURANCE; NORTHBRIDGE COMMERCIAL INSURANCE CORPORATION; and MULLEN TRUCKING 2005 LTD,<br><br>Defendants. | No. 2:17-cv-0983 RAJ<br><br>ORDER |

This matter comes before the Court on Plaintiffs Tammy DeTray and Gregory DeTray's Motion to Compel Defendant Northbridge General Insurance Corporation ("Northbridge") to Respond to Discovery Requests and an Award of Terms. Dkt. # 45. Defendant Northbridge opposes the Motion. Dkt. # 47. For the reasons stated below, Plaintiffs' Motion is **GRANTED in part and DENIED in part.** Dkt. # 45.

**I. BACKGROUND**

In 2013, a commercial truck collided with the Skagit River Bridge in Mount Vernon, Washington, and caused it to collapse. Dkt. # 1-2 ¶ 5.1. The truck was being guided at the time by a pilot vehicle operated by Plaintiff Tammy DeTray. Dkt. # 15

Ex. A. The truck was owned and operated by Defendant Mullen Trucking 2005 Ltd. ("Mullen"), a Canadian company based in Calgary, Alberta. Mullen was insured by Northbridge. The State of Washington brought a lawsuit against Mrs. DeTray in Skagit County Superior Court alleging that she negligently caused the bridge to collapse. Dkt. # 45. Mrs. DeTray tendered her defense of this suit to Northbridge. This underlying lawsuit is still pending.

On April 11, 2017, Northbridge filed a separate lawsuit against Mrs. DeTray in Calgary, Alberta. Plaintiffs then filed this action in Skagit County Superior Court. Shortly thereafter, Defendants removed the lawsuit to this Court. Dkt. # 45. On October 26, 2017, Northbridge filed a Motion for Summary Judgment that is currently pending. Dkt. # 34. One of the arguments Northbridge makes in its Motion for Summary Judgment is that this Court lacks jurisdiction over them. *Id.* On November 3, 2017, the parties filed a Stipulation to re-note the Motion for Summary Judgment. Dkt. # 40. On December 21, 2017, Plaintiffs filed this Motion to Compel. Dkt. # 45.

## II. DISCUSSION

The Court has broad discretion to control discovery. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any relevant discovery request that is not privileged and that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court, however, must limit discovery where it can be obtained from some other source that is more convenient, less burdensome, or less expensive, or where its "burden or expense . . . outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving these issues." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

Plaintiffs represent that they made an agreement with Northbridge to stay the Motion for Summary Judgment to permit discovery related to jurisdictional matters. Plaintiffs also represent that they agreed to confine the initial phase of discovery in this case to jurisdictional matters while the Motion for Summary Judgment was pending. Dkt. # 45. Plaintiffs allege that despite these agreements, Northbridge has objected to every interrogatory and request for production and will not produce witnesses for deposition. Northbridge argues that the discovery Plaintiffs request is not relevant, based on its determination of the proper legal argument to be addressed in response to its Motion for Summary Judgment. Northbridge further argues that it has adequately responded to Plaintiffs' discovery requests based on that assessment.

"Relevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998). Information is relevant if "it might reasonably assist a party in evaluating the case, preparing for trial or facilitating settlement." *Id*. (quoting *Hickman v. Taylor*, 329 U.S. 495, 506–507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). Northbridge's reasoning for why it denied discovery is essentially a legal determination of how Plaintiffs can and should respond to its Motion for Summary Judgment. Plaintiffs assert that this discovery is necessary to allow them to determine how to respond to Northbridge's Motion and it is inappropriate for Northbridge to attempt to make that determination on their behalf. Northbridge offers no other reason that meets its "heavy burden of showing why discovery was denied." *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975).

For the foregoing reasons, Plaintiffs' Motion to Compel is **GRANTED in part and DENIED in part.** Plaintiffs' Motion to Compel responses to their written discovery is **GRANTED.** Northbridge is **ORDERED** to provide full and complete responses to Plaintiffs' written discovery and to produce responsive documents. Plaintiffs' request that the Court order Northbridge to produce witnesses for deposition is **DENIED with leave to refile** after Plaintiffs receive Northbridge's responses and can

assess whether depositions are needed at this stage in these proceedings. The Court acknowledges that the noting date for Northbridge's Motion for Summary Judgment was January 19, 2018, or fourteen (14) days after this Motion to Compel was fully briefed. As such, the Court will allow the parties to withdraw and refile their responsive briefings to Northbridge's Motion in light of the issuance of this Order. If the parties wish to do so, they are **ORDERED** to file a stipulated motion with a new briefing schedule within two (2) days of the issuance of this Order. The Court declines to strike Northbridge's affirmative defense of lack of jurisdiction and finds that the sanction of attorney fees in this matter is unnecessary at this time. Plaintiffs' request for reasonable attorney fees associated with bringing this Motion is **DENIED.**

DATED this 29th day of January, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge