The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMMY J. DETRAY and GREGORY S. DETRAY,<br><br>Plaintiffs,<br><br>v.<br><br>AIG INSURANCE COMPANY OF CANADA f/k/a CHARTIS INSURANCE COMPANY OF CANADA d/b/a CHARTIS INSURANCE; NORTHBRIDGE COMMERCIAL INSURANCE CORPORATION; and MULLEN TRUCKING 2005 LTD,<br><br>Defendants. | No. 2:17-cv-0983 RAJ<br><br>ORDER |

This matter comes before the Court on Plaintiffs Tammy DeTray and Gregory DeTray's Stipulated Motion for Dismissal (Dkt. # 64) and Defendant Northbridge General Insurance Corporation's ("Northbridge") (Dkt. # 66) Motion to Amend Answer. For the reasons stated below, Plaintiffs' Motion for Dismissal (Dkt. # 64) is **GRANTED** and Defendant's Motion to Amend (Dkt. # 66) is **DENIED.**

**I.     BACKGROUND**

In 2013, a commercial truck collided with the Skagit River Bridge in Mount Vernon, Washington, and caused it to collapse. Dkt. # 1-2 ¶ 5.1. The truck was guided at the time by a pilot vehicle operated by Plaintiff Tammy DeTray. Dkt. # 15 Ex. A. The truck was owned and operated by Defendant Mullen Trucking 2005 Ltd. ("Mullen"), a Canadian company based in Calgary, Alberta. Mullen was insured by Northbridge under a primary insurance policy (the "Northbridge Policy"). Dkt. # 28-4 at 2. Defendant AIG Insurance Company of Canada ("AIG") also issued a commercial umbrella policy to Mullen (the "AIG Policy"). The AIG Policy provides coverage after the limits of the policy under Northbridge have been exhausted. Dkt. # 37-1.

The State of Washington brought a lawsuit against Mrs. DeTray in Skagit County Superior Court alleging that she negligently caused the bridge to collapse. Dkt. # 45. Mrs. DeTray tendered her defense of that suit to Northbridge. Northbridge agreed to defend Mullen but declined Plaintiffs' tender. This underlying lawsuit is still pending. On April 11, 2017, Northbridge filed a separate lawsuit against Mrs. DeTray in Calgary, Alberta. Plaintiffs then filed this action in Skagit County Superior Court against Defendants, AIG Insurance Company of Canada, Northbridge, Washington State Department of Transportation, and Mullen Trucking 2005 Ltd. Shortly thereafter, Defendants removed the lawsuit to this Court. Dkt. # 45. Plaintiffs filed stipulations of dismissal for Washington State Department of Transportation and Mullen Trucking 2005 Ltd. Dkt. ## 26, 75. Plaintiffs allege that they are insured under the Northbridge Policy and that Northbridge acted in bad faith toward Plaintiffs. Dkt. # 1-2. Plaintiffs also allege that AIG failed to timely acknowledge a duty to indemnify them. *Id*.

AIG represents that on or around October 31, 2017, AIG and Plaintiffs reached agreement in principal to settle Plaintiff's claims against them. Dkt. # 72. The settlement was finalized on April 6, 2018. Dkt. # 71. On May 11, 2018, AIG filed a stipulated motion to dismiss themselves as a Defendant in this case. Dkt. # 64.

Northbridge then filed a response and a motion to amend their Amended Answer to assert a cross-claim against AIG. Dkt. ## 63, 66.

**II.     DISCUSSION**

Northbridge requests that the Court deny AIG's stipulated motion to dismiss as improper under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Pursuant to Rule 41(a)(1)(A)(ii), a plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. AIG and Plaintiffs do not request to dismiss AIG without a court order. Voluntary dismissal by court order is governed by Rule 41(a)(2). "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41. At the time AIG filed the stipulation, Northbridge had not yet attempted to file their counterclaim. Therefore, their motion to amend their Amended Answer to include a counterclaim against AIG does not bear on this Court's decision on AIG's motion to dismiss. AIG represents that on or around October 31, 2017, AIG and Plaintiffs reached agreement in principal to settle Plaintiffs' claims against them and that the settlement was finalized on April 6, 2018. Dkt. # 71. As no "case and controversy" exists between them, AIG's stipulated motion to dismiss is **GRANTED** and AIG is **DISMISSED without prejudice.** Dkt. # 64.

Northbridge requests that the Court give leave to allow them to amend their Amended Answer to assert a cross-claim against AIG. Dkt. # 66. Amendment to pleadings is governed by Federal Rule of Civil Procedure 15(a). Rule 15(a) "provides

that a party's right to amend as a matter of course terminates 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Further, the policy of favoring amendments to pleadings should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Against this extremely liberal standard, the Court may deny leave to amend after considering "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Foundation Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001). But "[n]ot all of the factors merit equal weight ... it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*. The party opposing amendment bears the heavy burden of overcoming this presumption. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Northbridge contends that the factual basis for their cross-claim was not available at the time they filed their initial Answer and their Amended Answer. Dkt. # 66. Northbridge represents that after they filed their Amended Answer, both Northbridge and AIG were approached with a proposal for a global settlement of the underlying litigation against Plaintiffs which included complete releases for Plaintiffs.

AIG rejected the settlement. *Id*. Northbridge does not provide any information regarding the timing of the proposed settlement or AIG's alleged rejection.

Northbridge asserts that this rejection transferred any obligation to defendant Northbridge's insureds in the underlying litigation from Northbridge to AIG, citing to *Teleflex Med. Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 851 F.3d 976, 979 (9th Cir. 2017) in support of their assertion. This case is inapposite and its holding is not persuasive. The holding in *Teleflex* applies California law to the facts of that case. None of the parties assert that California law is applicable in this case. Northbridge's additional citation to a case from the Central District of California is also unpersuasive. That case applies the same California law cited in *Teleflex*[1]. Northbridge provides no further convincing argument that the alleged rejection of the global settlement provided the factual basis for Northbridge's proposed cross-claim and provides no evidentiary support for the alleged timing of that rejection. Northbridge further asserts that AIG would be liable for any settlement or judgment in the underlying case that exceeds Northbridge's policy limit. The Court will not opine on that assertion at this stage in the proceedings and will not grant Northbridge leave to amend solely on that basis.

AIG argues that Northbridge seeks this proposed amendment in bad faith because Northbridge was aware of the settlement in principle for months, possibly years prior to AIG's alleged rejection of the proposed settlement in the underlying litigation. Northbridge does not dispute that AIG disclosed an agreement in principle with Plaintiffs in 2015. That was two years prior to the filing of this lawsuit. Further, counsel for AIG informed the Court and counsel for all parties of the agreement in principle on February 2, 2018. Dkt. # 71. Northbridge was aware of the impending dismissal of AIG from this case and yet did not seek to file a cross-claim against them until May 17, 2018. Without further details regarding the timing of the proposed

---

[1] Northbridge makes a passing reference to Canadian insurance law principles and notes that they "point in the same direction," but provides no authority or argument in support of its comment.

settlement and alleged rejection or further supporting evidence, Northbridge provides no basis on which the Court can conclude that there is good cause for their delay in filing their cross-claim.

The Court also finds that allowing the proposed amendment would be prejudicial to AIG. AIG and Plaintiffs settled Plaintiff's claims against them in October of 2017 and AIG has not been an active participant in this matter since February of 2018. Northbridge argues that AIG's liability could further increase the scope of Northbridge's contribution rights but makes no argument that they would be unable to file suit against AIG should that become an issue in the future. This lawsuit was filed over a year ago, and allowing Northbridge to amend their Amended Answer to draw AIG back into this matter based on what might happen in an underlying lawsuit would be unfairly prejudicial.

### III. CONCLUSION

For the foregoing reasons, Defendant AIG's Stipulated Motion to Dismiss is **GRANTED** and AIG is **DISMISSED without prejudice**. Dkt. # 64. Defendant Northbridge's Motion to Amend is **DENIED.** Dkt. # 66.

DATED this 9th day of August, 2018.

*(signature)*

The Honorable Richard A. Jones
United States District Judge