HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAMMY J. DETRAY and GREGORY S. DEYTRAY,

    Plaintiffs,

v.

AIG INSURANCE COMPANY OF CANADA, *et al.*,

    Defendants.

Case No. 2:17-cv-00983-RAJ

**ORDER GRANTING DEFENDANT NORTHBRIDGE COMMERICAL INSURANCE CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This matter is before the Court on Defendant Northbridge Commercial Insurance Corporation's Motion for Summary Judgment ("Motion"). Dkt. # 81. For the reasons below, the Court **GRANTS** the Motion.

## II. BACKGROUND

The facts of this case have been extensively discussed in the Court's prior order denying the parties' motions for summary judgment and will not be repeated here. Dkt. # 77. The Court incorporates the facts and analysis as detailed in that order by reference. As noted in that order, the Court concluded (i) there were no genuine issues of material fact as to Mrs. DeTray's potential coverage under the Northbridge policy and (ii) the underlying complaints did not establish that she could "conceivably" be covered by the Northbridge Policy. *Id.* at 17.

Northbridge now brings a motion for summary judgment as to all of Plaintiffs'

ORDER – 1

remaining claims. Dkt. # 81. Plaintiffs oppose the motion. Dkt. # 83.

### III. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc*., 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp*., 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods*., 530 U.S. 133, 150-51 (2000).

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. v. Pac Elec. Contractors Ass'n*,

ORDER – 2

809 F. 2d 626, 630 (9th Cir. 1987).

## IV. DISCUSSION

Given the Court's prior ruling, Northbridge requests summary judgment in its favor as to all of Plaintiffs' remaining claims, specifically that: (1) Plaintiffs are not entitled to a defense or indemnity under the subject policy; (2) Northbridge did not breach the contract by denying Plaintiffs a defense or indemnity under the subject policy; (3) Plaintiffs cannot succeed as a matter of law on their bad faith claim because they are not insureds under the subject policy; and (4) Plaintiffs cannot succeed as a matter of law on their Consumer Protection Act ("CPA") claim because their theories of liability are not actionable by noninsureds. Dkt. # 81 at 2.

Having reviewed the parties' submissions, the Court incorporates by reference the full analysis in the its prior order concerning Mrs. DeTray's potential coverage under the Northbridge policy. There are no genuine issues of material fact as to Mrs. DeTray's potential coverage under the Northbridge policy and the complaints do not establish that she could "conceivably" be covered by the Northbridge Policy. *See* Dkt. # 77 at 17. The Court now turns to whether Northbridge is entitled to summary judgment on Plaintiffs' remaining claims.

As an initial matter, Plaintiffs request a continuance of the motion to conduct discovery under Federal Rule of Civil Procedure 56(d). Dkt. # 83 at 6-7. This rule applies where the non-moving party must obtain "facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Northbridge's motion is based on the Court's prior ruling that Plaintiffs are not insured under the Northbridge policy. Because the Court has already made this finding, Plaintiffs' request for a continuance for further discovery to dispute this point is denied.

Plaintiffs claim that Northbridge breached its duty to defend and seek a declaratory judgment to that effect. Dkt. # 1-2. The duty to defend under Washington law arises at the time an action is first brought and is based on the potential for liability. *Woo v. Fireman's Fund Ins. Co.*, 164 P.3d 454, 459 (2007). "An insurer has a duty to defend when

ORDER – 3

a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage." *Id*. at 52-53 (internal citations omitted).

"[T]he duty to defend is triggered if the insurance policy conceivably covers the allegations in the complaint." *Id*. at 53; *see also Goodstein v. Cont'l Cas. Co*., 509 F.3d 1042, 1055 (9th Cir. 2007). The Court previously found no genuine issue of material fact as to Mrs. DeTray's potential coverage and that the complaints did not establish that Mrs. DeTray could "conceivably" be covered by the Northbridge Policy. *See* Dkt. # 77 at 17 (finding that all of the complaints in the Underlying Lawsuits allege Mrs. DeTray was driving a vehicle owned by and licensed to her and Mr. DeTray, and that even as an alleged employee, she would not be entitled to coverage under the Northbridge policy). Accordingly, Northbridge is entitled to summary judgment on Plaintiffs' claim for declaratory relief regarding Northbridge's duty to defend. Similarly, the absence of coverage and an accompanying duty to defend disposes of Plaintiffs' claim for breach of contract.

On the other hand, claims for insurance bad faith and violation of the CPA may potentially be viable, as neither is based solely on an allegation that Northbridge denied coverage owed under the policy. Washington courts have said that, under the duty of good faith and fair dealing, an insurer must deal fairly with an insured, give equal consideration in all matters to an insured's interests, thoroughly investigate an insured's accident or injuries, provide defense counsel that will represent only the insured, disclose all material information to the insured, and refrain from placing its own monetary interest above an insured's financial risk. *Tank v. State Farm & Cas. Co*., 715 P.2d 1133 (Wash. 1986). However, those courts have further held that insurers do not owe a duty of good faith to third-party claimants. *Id*. Because Plaintiffs are not insureds under the Northbridge policy, their bad faith claim fails as a matter of law.

As for Plaintiffs' CPA claims, which are based on *per se* violations of the

ORDER – 4

Washington Administrative Code ("WAC") and bad faith by Northbridge, those fail for similar reasons. Only an insured can bring a *per se* action or allege a CPA claim based on the statutory duty of good faith. *Tank*, 715 P.2d at 1140; *Transamerica Title Ins. Co. v. Johnson*, 418, 693 P.2d 697 (1985). Moreover, Plaintiffs submit no evidence to suggest a triable issue as to whether Northbridge engaged in an "act or practice which has the capacity to deceive a substantial portion of the public" that proximately caused their injuries. *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (1986) (outlining the factors for a CPA claim). Accordingly, Northbridge is entitled to summary judgment on Plaintiffs' CPA claims.

For the reasons set forth herein and the Court's prior order (Dkt. # 77), the Court **GRANTS** Northbridge's Motion.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Northbridge's Motion. Dkt. # 81.

DATED this 14th day of August, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 5